UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD PROPPS, et al,

    Plaintiffs,

vs.                                                                                           Case No. 03-71166

9008 GROUP, INC., d/b/a                                                HON. AVERN COHN
ACT-1 PERSONNEL SERVICES, and
ALL-IN-ONE, and FORD MOTOR
COMPANY,

    Defendants.
_____/

**ORDER**

I.

This is essentially a reverse race discrimination case. Plaintiffs Donald Propps (Propps), Dawn Stuper (Stuper), Steve Packard, Tammy Packard, and Michael Gregory (Gregory), all of whom are Caucasian, are suing defendants 9008 Group, Inc. d/b/a Act-1 Personnel Services and All-In-One (9008 Group) and Ford Motor Company (FMC) claiming reverse race discrimination and retaliation under Title VII and Michigan's Elliot Larsen Civil Rights Act. In a nine count complaint, plaintiffs claim that they were subjected to racial discrimination/harassment and retaliation due to their association with a minority-owned business (9008 Group). Broadly stated, plaintiffs' discrimination/harassment claims are against FMC and their retaliation claims are against 9008 Group and FMC based on an aiding and abetting theory. Plaintiffs Propps and Stuper have also sued FMC claiming tortious interference with a business

relationship. Plaintiff Tammy Packard has not asserted any claims against FMC.

Act-1 Personnel Services is a California corporation principally located in California. It is a Woman Owned Minority (African-American) Business Enterprise. All-in-One is another business name for Act-1. The corporate name is 9008 Group. For ease of reference, the Court will refer to defendants as 9008 Group.

9008 Group does business in over 30 states, including Michigan. It is a placement and staffing agency with approximately 300 permanent employees and 30,000 temporary/contract employees.

All of the plaintiffs worked for 9008 Group in connection with a contract with FMC to supply engineering services to FMC in Michigan. Three plaintiffs, Donald Propps, Steven Packard, and Michael Gregory worked at FMC as contract employees. Plaintiffs Tammy Packard and Dawn Stuper worked internally for 9008 Group at facilities in Michigan. Stuper's alleged relationship with FMC is that FMC discriminated against her based on an aiding an abetting theory and also that FMC tortiously interfered with her business relationship with 9008 Group. As noted above, Tammy Packard has not asserted any claims against FMC.

II.

9008 Group filed a separate motion for summary judgment as to each of the plaintiffs together with separate statements of material facts as to each of the plaintiffs. Although individual employment circumstances differ, generally 9008 Group argues that summary judgment is appropriate as to each of the plaintiffs because (1) plaintiffs have failed to establish a prima facie claim of retaliation, and (2) 9008 Group had legitimate reasons for terminating plaintiffs. While 9008 Group's motion papers mostly comply

with the Court's motion practice guidelines, the briefs are in violation of the local rule regarding type spacing as they do not appear to be double spaced.  See E.D. Mich. LR 5.1(a).

Plaintiffs filed a joint response to each of the 9008 Group motions which runs 62 pages together with separate counter-statements of material facts as to each of the plaintiffs.  It too is in violation of the local rules because it does not contain a table of contents.  See E.D. Mich. 7.1(c)(2).  Plaintiffs' brief is also not clearly divided in its discussion of each of the plaintiffs' claims.

Additionally, 9008 Group filed a paper entitled "Objection to Factual Statements Contained in Plaintiffs' Motion for Summary Judgment" which takes issue with 51 statements in plaintiffs' brief.  This document appears to be superfluous.

9008 Group's motion papers comprise 5 separate notebooks each containing a motion, brief, statement of material facts, and exhibits, a notebook of cases, a notebook with 9008 Group's reply with exhibits, and a notebook of 9008 Group's objections to plaintiff's factual assertions with exhibits.  Plaintiffs' papers comprise the combined brief, the counter-statements of material facts, and 2 large notebooks with exhibits.

III.

FMC has also filed a separate motion for summary judgment together with separate statements of material facts as to each of the following plaintiffs:  Steven Packard, Michael Gregory, Donald Propps, and Dawn Stuper.  FMC generally argues that (1) some of the claims are time-barred, (2) FMC was not the employer, (2) plaintiffs have failed to produce sufficient evidence to support their claims.

Again, plaintiffs filed a combined brief in response which runs 79 pages together

with separate counter-statements of material facts.  It also does not contain a table of contents or contain a clear discussion as to each of the plaintiff's claims.

FMC's motion papers comprise 4 large notebooks each containing a motion, brief, statement of material facts, and exhibits, a reply brief with a notebook of exhibits, and 2 notebooks of cases.  Plaintiffs' papers comprise the combined brief, counter-statements of material facts, and a large notebook of exhibits.

IV.

To bring order into the mass of motion papers the Court has to deal with and to enable the Court to meaningfully consider the motions, plaintiffs shall do the following within 10 days:

1. File an overall statement of material facts, in separately numbered paragraphs, relating to all of the plaintiff's claims against 9008 Group, i.e. facts common to all plaintiffs

2. File an overall statement of material facts, in separately numbered paragraphs, relating to all of the plaintiff's claims against FMC, i.e. facts common to all plaintiffs, including a description of FMC's supervisory authority over plaintiffs

3. File a statement of material facts, in separately numbered paragraphs, as to each plaintiff

4. Each required statement shall be no more than 10 pages in length

V.

After receipt of plaintiffs' statements, the Court will give further consideration as to what defendants are to file.

SO ORDERED.


Dated: June 09, 2005

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, June 09, 2005, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160