UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD PROPPS, and DAWN STUPER,

    Plaintiffs,

vs.                                                          Case No. 03-71166

9008 GROUP, INC., d/b/a                        HON. AVERN COHN
ACT-1 PERSONNEL SERVICES, and
ALL-IN-ONE, and FORD MOTOR
COMPANY,

    Defendants.
_____/

**<u>ORDER re: MOTIONS FOR SUMMARY JUDGMENT</u>**

       This is a reverse race discrimination case. Plaintiffs Donald Propps (Propps) and Dawn Stuper, both of whom are Caucasian, are suing defendants 9008 Group, Inc. d/b/a Act-1 Personnel Services and All-In-One and Ford Motor Company claiming reverse race discrimination and retaliation under Title VII and Michigan's Elliot Larsen Civil Rights Act.[1] Essentially, plaintiffs claim that they have been subjected to racial discrimination/harassment and retaliation due to their association with a minority-owned business (9008 Group). The claims of Propps and Stuper have been bifurcated. <u>See</u> Order of Bifurcation filed February 23, 2006.

       9008 Group and Ford filed motions for summary judgment. Plaintiffs responded. The papers are sizable and not well coordinated. The Court, in an attempt to discern

---

[1] Steve Packard, Tammy Packard, and Michael Gregory also sued defendants. However, they settled their claims.

whether there is a genuine issue of material fact for trial, directed the parties to file supplemental papers. Particularly, defendants filed separate amended statements of material facts not in dispute as to each plaintiff with citations to the record. Plaintiffs responded separately, denying many of the statements and making contrary factual assertions with citations to the record. Defendants filed separate replies in which they dispute many of plaintiffs' factual assertions.

Given the volume of papers in the record and the complexity of the proposed facts as highlighted by the parties' recent filings, the Court is satisfied that the effort necessary to make the determination whether there are genuine issues of material fact requiring trial is not a productive use of its time. The better course is to require the case to be set down for separate trials. Even if the Court were to find that defendants had carried their burden, the Court would doubt the wisdom of granting summary judgment and terminating the case prior to trial. In such a circumstance, the Court has discretion to deny the motion. See 10 A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2728 (3ed. 1998). See also United States v. Certain Real and Personal Prop. Belonging to Hayes, 943 F.2d 1292 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing."); Friedethal, Jack H. and Gardner, Joshua E., Judicial Discretion to Deny Summary Judgment in the Era of Managerial Judging, 31 Hofstra L. Rev. 91 (2002).

Accordingly, defendants' pending summary judgment motions are DENIED.

A final pretrial conference for Donald Propps and Dawn Stupar is scheduled for,

**Tuesday, August 15, 2006 at 2:00 p.m.**

SO ORDERED.

                                             s/Avern Cohn  
                                             AVERN COHN  
                                             UNITED STATES DISTRICT JUDGE

Dated: July 27, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 27, 2006, by electronic and/or ordinary mail.

                                             s/Julie Owens  
                                             Case Manager, (313) 234-5160