UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD PROPPS, and DAWN STUPAR,

    Plaintiffs,

vs.                                                                                          Case No. 03-71166

9008 GROUP, INC., d/b/a                                                  HON. AVERN COHN
ACT-1 PERSONNEL SERVICES, and
ALL-IN-ONE, and FORD MOTOR
COMPANY,

    Defendants.

_____/

**ORDER DENYING GROUP 9008's MOTION IN LIMINE TO PRECLUDE EVIDENCE THAT ACT-1 RETALIATED AGAINST PROPPS OR STUPAR FOR COMPLAINTS THAT FORD HARASSED OR DISCRIMINATED AGAINST PLAINTIFFS[1]**

I.  Introduction

This is an employment case set for trial.  Before the Court is Defendant, 9008 Group, Inc. (9008 Group), motion in limine to preclude evidence that Act-1, a division of the 9008 Group for whom plaintiffs worked, retaliated against plaintiffs Propps and Stupar by firing them for complaining about the racial harassment they had allegedly endured by Ford employees (and others affiliated).  For the reasons that follow, the motion is DENIED.

II.  Background

On December 19, 2006, 9008 Group filed this motion in limine to preclude evidence that Act-1 retaliated against them for claiming they had been harassed by and

---

[1]Upon review of the parties' papers, the Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).

discriminated against by Ford employees because they were employed by a minority owned company. 9008 Group argues that plaintiffs cannot present evidence of retaliation against it under Title VII and the Elliot Larson Civil Rights Act because in order for these statutes to apply, "an employee's opposition... must be directed at an unlawful practice of the employee's employer, not [at] an act of discrimination by a private individual or third party such as Ford or Ford employees." Thus, 9008 Group argues that plaintiffs should be precluded from presenting evidence of retaliation.

### III. Analysis

#### A.

9008 Group argues that not all activity that an employee engages in is protected by Title VII or ELCRA. Specifically, 9008 Group asserts that in order for an employee to be protected by Title VII and ELCRA, an employee's opposition, or protected activity, <u>must be directed at an unlawful employment practice of the employee's employer</u>, and that this is not the case for plaintiffs. 9008 Group claims that the plaintiffs' "protected activity" is their complaints about Ford Motor Company, not about their own employer, 9008 Group, and therefore, their claim falls outside of the protection offered by both Act VII and ELCRA. 9008 Group therefore claims that the plaintiffs' retaliation claim is not premised upon the objections to alleged unlawful conduct of 9008 Group.

In support, 9008 Group relies on <u>Silver v. KCA, Inc.</u>, 586 F.2d 138, 141 (9th Cir. 1978). In that case, the plaintiff, Silver, was an experienced draftswoman assigned to work with an African-American trainee named Spencer. One day, Silver complained that she would have to come in on the weekend and clean some drafting equipment that had been left in an inadequate, messy condition. A Caucasian co-worker, Warrington,

overheard Silver's statement, and asked her, "why don't you let that jungle bunny go do it?" Later in the day, Silver, Spencer, and another African-American co-worker confronted Warrington and demanded an apology, which they received.

Two days later, Silver was terminated for poor performance and excessive conversation on the job. She filed a retaliation claim, alleging that she was terminated because she had opposed Warrington's racial slur. The Ninth Circuit affirmed the dismissal of Silver's retaliation claim because the racial slur she opposed was an isolated remark by a co-worker and, it found, not an unlawful employment practice of Silver's employer. Therefore, the Court concluded that Silver did not engage in protected activity for Title VII purposes. 9008 Group says that the Court in Silver held that under the language of the opposition clause of § 704 of Title VII of the Civil Rights Act of 1964, a prima facie case of retaliation has not been made out unless the retaliation complained of related to an unlawful employment practice by the employee's employer. 9008 Group applies Silver to argue that because plaintiffs were not fired for their complaints about 9008 Group's practices, but instead they were fired by 9008 Group for their complaints about Ford's practices, they cannot make out a retaliation claim against it.

B.

Contrary to 9008 Group's analysis of Silver, the Court did not hold that unlawful employment practice must be committed by the employer or an employee of the employer, it simply held that the incident complained of did not rise to the level of an unlawful employment practice. Indeed, the Silver Court acknowledged that if the complaint is about an employment practice (as it was here), it does not matter whether it

involves a complaint about an employee's employer or another employer. To clarify its definition of protected activity, the Ninth Circuit noted, " Under the EEOC's guidelines, an employee's opposition to any unlawful employment practice, whether of his own or of some other employer, is protected.[2]

Therefore, 9008 Group's application of Silver to this case is misplaced. Furthermore, there is some question as to whether Silver is still good law. In McZeal v. City of Seattle, 2006 WL 3254504 (W.D. Wash. Nov. 9, 2006), the district court, citing Trent v. Valley Elec. Assoc., Inc., 41 F.3d 524, 526 (9th Cir. 1994), stated "since Silver was decided in 1978, the Ninth Circuit has clarified that a plaintiff must only show that she had a reasonable belief that the employment practice she protested was prohibited under Title VII to establish that she engaged in protected conduct").

Secondly, the holding of a factually similar Sixth Circuit case, Johnson v. Univ. of Cincinnati, 215 F.3d 561 (6th Cir. 2000), supports plaintiffs position. In Johnson, the Sixth Circuit enumerated the Title VII's protected activities as:

> [C]omplaining to anyone (management, unions, other employees, or newspapers) about allegedly unlawful practices; refusing to obey an order because the worker things it is unlawful under Title VII; and **opposing unlawful acts by persons other than an employer - e.g., former employers, union, and coworkers.**

(Emphasis added).

Thus, according to the protection afforded them by Act VII, as determined in Johnson, plaintiffs can claim they were unlawfully retaliated against by Group 9008 for complaining about acts of a third party (Ford). This directly contradicts 9008 Group's

---

[2]Silver, 586 F.2d at 141 n.3 (citing EEOC Compliance Manual, 704(a) Discrimination , § 492.2(e) (P6952), § 493.5 (P 7005).

application of <u>Silver</u>, and further establishes plaintiffs' claim that Group 9008's motion in limine is in fact a "spurious effort to file ... a motion for summary judgment."

Plaintiff also relies on <u>Hernandez v. Miranda Velez</u>, 1994 WL 394855 (D. P.R. 1984). In that case, which is factually analogous to this, the plaintiff was employed by Occidental, which sold electrical equipment. The majority of Occidental's business came from its client, PREPA. In her position, the plaintiff had frequent contact with Mr. Velez, a management employee of PREPA. The plaintiff alleged that she was subjected to a hostile environment by Velez. She complained to Occidental's president and told him that she was going to the head of PREPA with her harassment complaint. Occidental consequently suspended and ultimately terminated the plaintiff. The court in <u>Velez</u> held that Occidental, as the plaintiff's employer, could be held liable for retaliation because the plaintiff engaged in protected conduct by threatening to go to the head of PREPA to complain about harassment by the PREPA employee.

Here, plaintiffs complained about Ford's harassment and discrimination to both their employer (9008 Group) and Ford. Thereafter, Ford and 9008 Group retaliated against plaintiffs by removing them from their positions and terminating their employment. While <u>Velez</u> is not Sixth Circuit authority, because it is directly on point with the factual situation in this case, and because the analysis logically determines the appropriate application of the statutory protection afforded to plaintiffs, <u>Velez</u> should be followed.

Plaintiff also points to several other cases that apply these statutes to factually similar situations, and therefore demonstrates that plaintiffs should be protected by such statutes. Thus, it appears that plaintiffs can make out a claim of retaliation against 9008

5

Group by terminating their employment for their complaints regarding Ford's discriminatory and harassment practices.

    SO ORDERED.

                                s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

Dated:  February 22, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, February 22, 2007, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5160